IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK R. HOUSE, JR., | : | |
| | : | Civil No. 4:04-CV-2452 |
| Petitioner, | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| SUPERINTENDENT PALAKOVICK and | : | |
| ATTORNEY GENERAL OF | : | |
| PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

**O R D E R**

January 9, 2006

Petitioner Frederick R. House, Jr. pled guilty to murder in the first degree on

June 18, 2002.  He was sentenced to life imprisonment on August 20, 2002, and is

currently incarcerated at SCI-Smithfield in the Commonwealth of Pennsylvania.  On

November 10, 2004, House filed a petition for writ of habeas corpus, pro se,

pursuant to 28 U.S.C. § 2254.  Petitioner challenges his conviction in the Bradford

County Court of Common Pleas.

In his petition, House raises four claims: (1) that he was denied his rights

under Miranda v. Arizona, 384 U.S. 436 (1966); (2) that the search of his residence

violated the Fourth Amendment; (3) that he was denied the right to counsel; and (4)

ineffective assistance of counsel.  The ineffective assistance of counsel claim is

comprised of seven subclaims of error.  Respondents argue that petitioner's claims are procedurally defaulted, and alternatively that they lack merit.

The matter was initially referred to United States Magistrate Judge Malachy E. Mannion.  At the close of his seventeen page Report and Recommendation, Magistrate Judge Mannion concluded that the petition for a writ of habeas corpus should be dismissed, because House failed to exhaust available state remedies prior to filing the instant petition.  House filed his timely objections to the Report, baldly asserting that he is an innocent man and requesting that the court "excuse default and review his claims" because his PCRA counsel was allowed to withdraw and petitioner was "not able 'mentally' to proceed pro se.'"  The matter is now ripe for our review.

For the foregoing reasons, we adopt the Magistrate's Report and Recommendation in full and dismiss the petition for failure to exhaust state remedies.[1]

**STANDARD OF REVIEW:**

A district court reviews <u>de novo</u> those portions of a magistrate judge's report and recommendation to which a party objects.  L.R. 72.3.  The court may

---

[1]We also note that the petition appears to be untimely under 28 U.S.C. § 2244(d), but do not dismiss on that basis.

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

## BACKGROUND:

The magistrate judge's discussion of the facts is complete and we merely summarize here.  On August 12, 2001, petitioner was charged with criminal homicide and other related charges stemming from the murder of Edward William Bond, petitioner's neighbor.  Bond was shot four times on August 8, 2001, and died from the wounds.  Petitioner disposed of Bond's body in a heavily wooded area of Barclay Mountain in Bradford County, and drove Bond's truck until he wrecked it two days later in Norwich, New York.  On August 12, 2001, petitioner's father consented to a search of the house he shared with petitioner.  Inside the house, a Pennsylvania State Trooper discovered the .22 caliber murder weapon with the blood of both victim and petitioner on it.

Petitioner was charged with criminal homicide on August 12, 2001, and the chief public defender for Bradford County was appointed as counsel.  Petitioner pled not guilty at a preliminary hearing on January 15, 2002, and the Commonwealth indicated its intent to seek the death penalty should petitioner be convicted of first degree murder.

On June 18, 2002, petitioner pled guilty but mentally ill to one count of

3

Murder in the First Degree.  All other charges were dropped.  Petitioner was sentenced to life without the possibility of parole on August 20, 2002.  No direct appeal was filed.

On June 3, 2003, petitioner filed a Post Conviction Relief Act ("PCRA") petition pro se.  The PCRA petition raised two issues: ineffective assistance of counsel and unlawful inducement of guilty plea.

The court appointed PCRA counsel, who eventually filed a "no merit" letter on August 22, 2003.  The PCRA court denied and dismissed the PCRA petition on October 6, 2003.  PCRA counsel filed a protective appeal with the Pennsylvania Superior Court on October 29, 2003, and filed a motion to withdraw as counsel. The court granted the motion to withdraw.

On January 5, 2004, the Superior Court ordered petitioner to file a brief in support of his PCRA appeal no later than February 11, 2004.  Petitioner did not file a brief.  On March 29, 2004, the Superior Court dismissed the appeal for failure to file a brief.  No further action was taken by petitioner until he filed this petition for a writ of habeas corpus in federal court on November 10, 2004.

**ANALYSIS:**

4

**1.  The petition should be dismissed for failure to exhaust state remedies.**

"Before a federal court may grant habeas relief to a state prisoner, the

prisoner must exhaust his remedies in state court.  In other words, the state

prisoner must give the state courts an opportunity to act on his claims before he

presents those claims to a federal court in a habeas petition."  O'Sullivan v.

Boerckel, 526 U.S. 838, 842 (1999); see also 28 U.S.C. § 2254(b) and (c).  If the

petitioner fails to present his federal claims in state court, and is now procedurally

barred from doing so, those claims are therefore procedurally defaulted.  See, e.g.,

Cristin v. Brennan, 281 F.3d 404, 410-11 (3d Cir. 2002).

"Exhaustion addresses federalism and comity concerns by affording the

state courts a meaningful opportunity to consider allegations of legal error without

interference from the federal judiciary."  Parker v. Kelchner, 429 F.3d 58, 61 (3d

Cir. 2005) (quotations and citations omitted).  It is the habeas petitioner who carries

the burden of proving exhaustion of all available state remedies.  Id. (quoting

Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)).

The first three of petitioner's claims have never been raised in state court.

As mentioned above, the only post-conviction action taken by petitioner was to file

a PCRA petition.  This petition did not raise the first three arguments petitioner

raises here, namely (1) that he was denied his rights under Miranda v. Arizona, 384

U.S. 436 (1966); (2) that the search of his residence violated the Fourth

Amendment; and (3) that he was denied the right to counsel.  The magistrate judge

correctly concluded that these claims should be dismissed for failure to exhaust

state remedies because petitioner never sought state court review of the claims by

either direct review or in his PCRA petition, and because petitioner failed to offer

any explanation regarding his failure to do so.  See Cristin, 281 F.3d at 410-11

(where petitioner twice failed to present the claims of error he asserted in federal

court to the appellate courts of the Commonwealth–by failing to take a direct

appeal from his conviction to the Superior Court, and then by failing to appeal the

rejection of his PCRA petition to the Superior Court–the petitioner procedurally

defaulted twice).

Petitioner's fourth claim–ineffective assistance of counsel–was raised in his

PCRA petition.  The PCRA petition was denied and dismissed, but PCRA counsel

filed a protective appeal and the Superior Court directed petitioner to file a brief in

support of the appeal.  However, petitioner failed to file his appellate brief.  As a

result, the ineffective assistance of counsel claim was not exhausted and has

therefore been procedurally defaulted.  See id.  The magistrate judge was correct in

his recommendation that this claim should be dismissed.

In his two-page objection to the Magistrate Report and Recommendation,

petitioner nevertheless "asks this court to excuse exhaustion requirement because his claims would be deemed procedurally barred if presented in state court." (Rec. Doc. No. 23, at 1.). In support of this request, petitioner makes the unsupported statement that he is innocent, and argues that he was prejudiced by the withdrawal of PCRA counsel because he is "severely mentally disabled" and was unable to proceed <u>pro se</u>.

We are barred from considering petitioner's procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). To show cause, petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. <u>Keller v. Larkins</u>, 251 F.3d 408, 415 (3d Cir. 2001) (citing <u>Coleman</u>, 501 U.S. at 753)). To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime by presenting new evidence. <u>Id.</u> (citing <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991); <u>Schlup v. Delo</u>, 513 U.S. 298, 316 (1995)).

Petitioner does not make an argument that he can show cause for the default. Instead, he states that he is innocent and argues that he was prejudiced

because he was unable to appeal the denial of his PCRA petition due to his mental condition.

Petitioner's claim of innocence fails on its face.  The entirety of his argument is contained in one sentence: "Petitioner's claims of error resulted in a miscarriage of justice because petitioner is an innocent man.  See, Brief In Support of Habeas Relief."  To establish actual innocence and excuse his procedural default, the "habeas petition must persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  Sweger v. Chesney, 294 U.S. F.3d 506, 522 (3d Cir. 2002) (quotations and citations omitted).  "Actual innocence means 'factual innocence, not mere legal insufficiency."  Id. at 523 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).  "Claims of actual innocence are rarely successful" because a petition must come forth with "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  Schlup, 513 U.S. at 324.

Petitioner has not presented any new evidence in any filing with this court that meets this standard.  His claim of actual innocence fails.

Petitioner also argues that because he "is mentally disabled and unable to proceed pro se, this court should excuse exhaustion requirement" and review his

8

claims on the merits.  The crux of petitioner's argument is that he was prejudiced by the withdrawal of PCRA counsel because he is "severely mentally disabled" and was unable to proceed pro se.  The inference to be drawn is that because petitioner is "severely mentally disabled," he was unable to appeal and therefore could not exhaust his state court remedies.[2]  Petitioner avers that this prejudice resulted in a miscarriage of justice.

However, "[t]here is no constitutional right to an attorney in state post-conviction proceedings."  Coleman, 501 U.S. at 752 (citing Pennsylvania v. Finley, 481 U.S. 551 (1987); Murray v. Giarratano, 492 U.S. 1 (1989) (applying the rule to capital cases)); see also 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").  Furthermore, to demonstrate a miscarriage of justice, a petitioner must demonstrate actual innocence.  See Keller, 251 F.3d at 415.  Petitioner's claim that he was prejudiced by being forced to proceed pro se therefore fails.

---

[2]We do note that petitioner has proceeded pro se in this matter and has filed cogent pleadings with this court, including a 31-page brief in support of his petition for a writ of habeas corpus.

9

**CONCLUSION:**

Because petitioner failed to exhaust available state remedies, the petition will be dismissed.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   The Report and Recommendation of Magistrate Judge Malachy E. Mannion (Rec. Doc. No. 20-1) is approved and adopted in full for the reasons set forth therein.

2.   The petition for writ of habeas corpus is dismissed.  (Rec. Doc. No. 1.)

3.   There is no basis for the issuance of a certificate of appealability.

4.   The clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge